**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ROBERT MCFADDEN PLOTT,

                    Plaintiff,

v.                                                      No. CV-13-67 CG

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                    Defendant.

**<u>MEMORANDUM OPINION AND ORDER</u>**

**THIS MATTER** comes before the Court on Plaintiff's *Motion to Reverse or*

*Remand Administrative Agency Decision* and *Memorandum in Support of Motion to*

*Reverse or Remand Administrative Agency Decision*, (together the "Motion"), filed on

October 15, 2013, (Doc. 17; Doc. 18); *Defendant's Response to Plaintiff's Motion to*

*Reverse and/or Remand the Administrative Agency Decision* ("Response"), filed on

December 6, 2013, (Doc. 19); and *Plaintiff's Reply Memorandum in Support of Motion to*

*Reverse or Remand Administrative Agency Decision* ("Reply"), filed on December 17,

2013, (Doc. 20).

On July 14, 2009, Robert McFadden Plott filed an application for supplemental

social security benefits and disability insurance, alleging disability beginning September

15, 2006. (Administrative Record ("AR") 168–71, 174–77). His applications were denied

on November 4, 2009, (AR 75–82), and also upon reconsideration on March 30, 2010,

(AR 84–90). Mr. Plott filed his request for a hearing on April 20, 2010, (AR 91); a hearing

was held on August 23, 2011 before Administrative Law Judge ("ALJ") Frederick E.

Upshall, Jr. (AR 42–66). Mr. Plott testified at the hearing; Karen Provine, an impartial

vocational expert, was present at the hearing but did not testify. (AR 42–66). The ALJ

issued his opinion on March 29, 2012, finding that Mr. Plott is not disabled under 20 C.F.R. §§ 404.1520(f) and 416.920(f). (AR 36). Mr. Plott filed an application for review by the Appeals Council, which was summarily denied, (AR 1–6), making the decision of ALJ Upshall the final decision of the Commissioner of the Social Security Administration (the "Commissioner") for purposes of this appeal.

Mr. Plott complains that the Commissioner committed reversible, legal error by: (1) formulating an erroneous residual functioning capacity ("RFC") determination unsupported by substantial evidence, (2) failing to consider the additional medical evidence he submitted to the Appeals Council; and (3) conducting an improper analysis of the demands of Mr. Plott's past relevant work. (Doc. 18).

The Court has reviewed the Motion, the Response, the Reply, and relevant law. Additionally, the Court has meticulously reviewed and considered the entire administrative record. Because the Administrative Law Judge did not make adequate findings as to Mr. Plott's residual functioning capacity or his past relevant work, the Court finds that the Motion should be **GRANTED** and the case should be **REMANDED** for further proceedings.

## I.  Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497–98 (10th Cir. 1992)). If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief.

*Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). A court should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, not the Appeals Council's denial of review. 20 C.F.R. § 404.981; *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214; *Doyal*, 331 F.3d at 760. An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. While a court may not re-weigh the evidence or try the issues *de novo*, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## II. Applicable Law and Sequential Evaluation Process

For purposes of disability insurance benefits (DIB) and supplemental security income (SSI), a person establishes a disability when he is unable "to engage in any

substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A), 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.905(a). In light of this definition for disability, a five-step sequential evaluation process has been established for evaluating a disability claim. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the SEP, the claimant has the burden to show that: (1) he is not engaged in "substantial gainful activity"; that (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and (3) his impairment(s) either meet or equal one of the "Listings"[1] of presumptively disabling impairments; or (4) he is unable to perform his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261.

The fourth step of the sequential analysis is comprised of three phases. *See Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). At phase one the ALJ must evaluate a claimant's physical and mental RFC. *See* Social Security Rulings ("SSR") 86-8, 1986 SSR LEXIS 15, at *18. At phase two, the ALJ must determine the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e). At phase three, the ALJ will decide whether the claimant has the ability to meet the job demands found in phase two, in light of "the mental and/or physical limitations found in phase one." *Winfrey*, 92 F.3d at 1023 (citing *Henrie v. U. S. Dep't of Health & Human Servs.*, 13 F.3d 359, 361 (10th Cir. 1993) and SSR 82-62, 1982 SSR LEXIS 27). If the ALJ determines the claimant cannot engage in past relevant work, he

---

[1] 20 C.F.R. pt. 404, subpt. P, app. 1.

4

will proceed to step five of the evaluation process.

At step five the burden of proof shifts to the Commissioner to show the claimant is able to perform other work in the national economy, considering his residual functional capacity, age, education, and work experience. *Grogan*, 399 F.3d at 1257.

### III. Background

Mr. Plott initially applied for disability benefits alleging debilitating knee and back pain, claiming that those problems cause him to have difficulty sitting and standing. (AR 206). The administrative record includes his medical records, earnings records, work history report, disability application, hearing testimony, examining consultative reports, and non-examining state agency evaluations, which were used by the ALJ to evaluate Mr. Plott's disability claim.

At step one, ALJ Upshall determined that Mr. Plott had not engaged in substantial gainful activity since September 15, 2006. (AR 31). At step two, the ALJ concluded that Mr. Plott is severely impaired with chronic lower back and knee pain, status post-deep vein thrombosis ("DVT") of the left leg, and status post-arthroscopy of the left knee. (AR 31). At step three, the ALJ determined that none of Mr. Plott's impairments, solely or in combination, equal one of the listed impairments in 20 CFR §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926. (AR 31–32). The ALJ proceeded to step four, and made an RFC finding that Mr. Plott can perform a full range of sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a). (AR 32–35). ALJ Upshall then found that Mr. Plott was capable of performing his past relevant work as a customer service representative at a call center, as that job is generally performed and as he actually performed it. (AR 35). The ALJ concluded that Mr. Plott was not disabled

pursuant to 20 C.F.R. §§ 404.1520(f) and 416.920(f). (AR 36).

A.   _RFC Determination_

The ALJ found that Mr. Plott had the residual functional capacity to perform a full range of sedentary work. (AR 32). In making that determination, the ALJ relied on the medical evidence in the record and Mr. Plott's testimony as to his alleged symptoms. (AR 32).

First the ALJ recited the material medical evidence and medical source opinions in the record. Mr. Plott had various x-rays of his back and spine taken since June 2007, which reveal that his left knee has mild medial compartment degenerative changes, (AR 351), and he has a normal spine for a person of his age. (AR 293, 294).

On October 13, 2009, Frank G. Hesse, M.D. conducted a consultative examination of Mr. Plott. (AR 363–65). Dr. Hesse assessed Mr. Plott with mild chronic obstructive pulmonary disease, poor vision, and history of thrombophlebitis behind the left knee which had subsided. (AR 365). Dr. Hesse opined that Mr. Plott was able to work, and that he found many inconsistencies in his physical examination of Mr. Plott, Mr. Plott's medical history, and his own clinical findings. (AR 365). The ALJ granted Dr. Hesse's opinions great weight. (AR 35).

On May 19, 2011, Mr. Plott underwent a left-knee arthroscopy with partial medial meniscectomy. (AR 434). Upon physical examination, he was observed as having a full range of motion of his knee with no pain and no effusion, with sensation intact to light touch. (AR 401). However, at a subsequent evaluation on September 9, 2011, Mr. Plott reported continued pain, popping, and occasional swelling in his left knee. (AR 403). A physical examination revealed minimal effusion, a range of motion between zero and

125 degrees, tenderness to palpation along the medial joint line, a significant amount of crepitus with range of motion, and a stable ligamentous exam. (AR 401). The physician counseled him regarding appropriate use of ice, inflammatories, a cane, and Euflexxa injections. (AR 403).

On November 3, 2009, non-examining, state agency consulting physician Lawrence Kuo, M.D. provided a consultative opinion of Mr. Plott's medical conditions. (AR 366–73). Dr. Kuo concluded that Mr. Plott had the functional capacity to occasionally lift and/or carry 50 pounds and frequently lift and/or carry 25 pounds; stand and/or walk for a total of six hours in an eight-hour workday; and sit for a total of six hours in an eight-hour workday. (AR 367). Dr. Kuo assessed no manipulative limitations, and placed no limitations on Mr. Plott's ability to push or pull. (AR 367, 369). Dr. Kuo opined that Mr. Plott could only occasionally climb ladders, ropes, and scaffolds, kneel, crouch, or crawl. (AR 368).

Non-examining state agency consulting physician Edward S. Bocian, M.D. made a consultative report on March 27, 2010, analyzing new medical records dated December 17, 2009. (AR 379). Dr. Bocian opined that there was disproportion between the "physical findings" in the record and Mr. Plott's subjective allegations, and found that the December 2009 records did not indicate a significant change in Mr. Plott's physical capacity as initially assessed by Dr. Kuo. (AR 379). Dr. Bocian affirmed Dr. Kuo's RFC assessment, which he described as finding that Mr. Plott has a capacity to do a wide range of medium work with some postural restrictions. (AR 379). The ALJ granted significant weight to Dr. Kuo and Dr. Bocian's opinions, describing them as findings that Mr. Plott is capable of performing sedentary work. (AR 35).

The ALJ discussed Mr. Plott's subjective complaints regarding his illnesses. At the hearing, Mr. Plott testified that he has suffered from arthritis for several years, and underwent physical therapy sessions for his back. (AR 52, 60–61). He stated that he is in constant pain from both of his knees, standing enhances his knee pain, and he is able to stand for only 15 to 20 minutes at a time. (AR 53, 54–55, 56). He testified that he can only sit for approximately one hour and 15 minutes at a time, and that he experiences dizziness, lightheadedness, and an inability to concentrate as a result of his medications which he takes to manage his pain. (AR 52–53, 54, 55, 59). He has to lay down at least one time every day for 15 to 30 minutes to flatten his back, is unable to bend or squat, cannot carry a gallon of milk for extended periods of time, is able to drive, has had problems with his hands for several years, and enrolled in digital media classes at New Mexico Community College. (AR 48, 49, 55–58).

The ALJ found that Mr. Plott's statements concerning the intensity, persistence, and limiting effects of his symptoms to be neither credible nor consistent with the evidence in the record. (AR 34). With regard to complaints he made during the hearing about his inability to use his hands, the ALJ observed that there are no medical records to support such limitations. (AR 35). Specifically, he noted that Mr. Plott's testimony regarding handling difficulties were inconsistent with the "Function Report" that he submitted with his disability application, wherein he did not indicate any problems with his hands. (AR 255). The ALJ commented that the medical record contains extremely limited mention of back complaints, while Mr. Plott testified as to significant limitations due to his back pain. (AR 34–35). The ALJ found that these inconsistencies reflected negatively on Mr. Plott's overall credibility. (AR 35).

8

The ALJ also commented that Mr. Plott left his last job due to non-medical reasons under the pretense of having another job. (AR 35). The ALJ reasoned that no treating or examining physician had opined that Mr. Plott is disabled or that his conditions have resulted in functional limitations which would preclude the requirements of sedentary-level work. (AR 35). The ALJ also noted that despite repeated requests for extensions of time to submit additional medical records, no additional records had been provided by Mr. Plott. (AR 34). ALJ Upshall concluded that Mr. Plott's impairments do not significantly limit his ability to perform basic work activities, and that he retains the RFC to perform a full range of sedentary work. (AR 35).

### B.   _Past Relevant Work Analysis and Step Five_

ALJ Upshall next determined that Mr. Plott could perform his past relevant work as a customer services representative at a call center. (AR 35). The ALJ stated that he compared Mr. Plott's RFC with the physical and mental demands of that work, and that Mr. Plott was able to perform that job as generally performed and as he actually performed it. (AR 35). The ALJ cited to two pages of the "Work History Report" that Mr. Plott submitted with his disability application. (AR 213–214). On that form, Mr. Plott described the customer services representative job as "trouble shooter for cell phones." (AR 213). He stated that in an eight-hour workday, the job required: eight hours of sitting; no walking, standing, climbing, stooping, kneeling, crouching, and crawling; one hour of handling, grabbing, or grasping big objects; seven hours of reaching; and seven hours of writing, typing, or handling small objects. (AR 214). He reported that he frequently lifted two pounds, and never more than five pounds. (AR 214). The ALJ concluded that, because Mr. Plott was capable of doing his past relevant work as a customer services

representative, he was not disabled. (AR 36).

### C.    _Additional Evidence Submitted to the Appeals Council_

Mr. Plott submitted additional evidence for the Appeals Council's consideration. The Appeals Council stated that it received the additional evidence, made it part of the record, and considered it, but that it did not provide a basis for changing the ALJ's decision. (AR 1–2, 4).

The additional evidence consists of treating notes from the Torrance County Counseling Center dated August 10, 2009 through September 7, 2012. Eugene Agnes, Ph.D., LPCC, assessed Mr. Plott with adjustment disorder and provided therapy to Mr. Plott for more than three years. Dr. Agnes opined that Mr. Plott has significant difficulties dealing with people and performing effectively under stress. (AR 702–57).

Mr. Plott also submitted a sleep study conducted on October 4, 2011, that revealed Mr. Plott suffers from moderate obstructive sleep apnea, resulting in hypoxemia, or abnormally low oxygen in the blood. (AR 533). Mr. Plott submitted to various treatments for his alleged fatigue and tiredness, including nocturnal titration polysomnogram and continuous positive airway pressure titration. (AR 868–75).

The additional evidence also consists of John R. Vigil, M.D.'s consultative examination of Mr. Plott on October 12, 2012. (AR 829–37). Dr. Vigil found that Mr. Plott can sit for less than four hours in an eight-hour workday, can lift and/or carry less than five pounds, and is limited in his ability to push and pull in his lower extremities, due to his back and knee pain. (AR 836).

### IV. Analysis

Mr. Plott complains that the Commissioner committed reversible, legal error by

formulating an improper RFC determination unsupported by substantial evidence, failing to properly consider the additional medical evidence that he submitted to the Appeals Council, and conducting an erroneous analysis of the requirements of Mr. Plott's past relevant work. (Doc. 18). The Commissioner responds that substantial evidence supports the ALJ's finding that Mr. Plott is not disabled, the ALJ properly assessed Mr. Plott's RFC, the Appeals Council properly considered the additional evidence that Mr. Plott submitted, and substantial evidence supports all of the ALJ's findings at step four of the sequential evaluation process.

A.   *RFC Determination*

Mr. Plott contends that the ALJ procedurally erred in making the RFC determination, and that substantial evidence does not support the ALJ's RFC determination that he can perform a full range of sedentary work. He argues that medical evidence in the record undermines the ALJ's finding, and amounts to legal error. The Commissioner disagrees, and responds to Mr. Plott's argument by pointing out the evidence in the record that lends support for the RFC. (Doc. 19 at 9).

An RFC determination is an administrative assessment of the extent to which a claimant's medically determinable impairments and related symptoms affect the claimant's ability to perform work-related activities. SSR 96-8p, 1996 SSR LEXIS 5, at *5; *see also* 20 C.F.R. §§ 404.1545, 416.945;. ALJ Upshall found that Mr. Plott is able to perform the full range of sedentary work, as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a). (AR 32). The ability to perform the full range of sedentary work requires the RFC to lift ten pounds, walk or stand for a total of two hours of an eight-hour workday, sit for a total of six hours of an eight-hour workday, and the capacities for seeing,

manipulation, understanding, remembering, and carrying out simple instructions. 20
C.F.R. §§ 404.1567(a), 416.967(a); *see also* SSR 96-9p, 1996 SSR LEXIS 6, at *8-9.
Climbing ladders, ropes, or scaffolds, balancing, kneeling, crouching, or crawling are not
usually required in sedentary work, and only an ability to stoop occasionally is required in
most unskilled sedentary occupations. SSR 96-9p, 1996 SSR LEXIS 6, at *21. Similarly,
limitations on the ability to push or pull have little effect on the unskilled sedentary
occupational base. SSR 96-9p, 1996 LEXIS 6, at *16–17.

Mr. Plott alleges that the Commissioner failed to make any function-by-function
findings that he can perform the exertional requirements of sedentary work, or discuss
medical evidence relating to Mr. Plott's ability to perform all of the strength demands
required for sedentary work. (Doc. 18 at 14). Mr. Plott contends that the ALJ's RFC
assessment should have addressed his exertional and nonexertional capabilities, and
each of the seventh strength demands (sitting, standing, walking, lifting, carrying,
pushing, and pulling) should have been considered separately. *See Southard v.
Barnhart*, No. 02-7102, 72 Fed. Appx 781, 784 (10th Cir. July 28, 2003) (unpublished)
(citing SSR 96-8p, 1996 SSR LEXIS 5, at *5).

In this case, the ALJ did not make specific findings as to the amount of weight Mr.
Plott could lift or carry and did not separately address his ability to sit, stand, walk, push,
or pull. There was no discussion of "the maximum amount of each work-related activity
[Mr. Plott] can perform" as is required by the Regulations. SSR 96-8p, 1996 SSR LEXIS
5, at *19. In this case the ALJ only found that Mr. Plott retained an RFC for sedentary
work. The RFC assessment must first identify the claimant's functional limitations or
restrictions, and assess his work-related abilities on a function-by-function basis. *Id.*, at

*2. "Only after that may [the] RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." *Id.*

ALJ Upshall's decision does not contain any "narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." *See id.*,, at *19. The Court acknowledges that there is no requirement that an ALJ point to "specific, affirmative, medical evidence on the record as to each requirement of an exertional work level before [he] can determine RFC within that category." *Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004). However, in this case, the ALJ failed to make any of the detailed findings required by the regulations and rulings at step four. Therefore the conclusion that Mr. Plott is capable of performing sedentary work cannot be supported by substantial evidence. *See Southard*, 72 Fed. Appx. at 784–785.

ALJ Upshall failed to make the necessary findings in determining Mr. Plott's RFC. Therefore, the Court finds that the ALJ erred in determining Mr. Plott's RFC, and that it was not supported by substantial evidence in the record.

### B.    *Additional Evidence Submitted to the Appeals Council*

Mr. Plott contends that the Appeals Council committed reversible, legal error by refusing to consider the additional medical evidence that he submitted from Dr. Agnes and Dr. Vigil. (Doc. 18 at 10–13). He further alleges that the additional evidence significantly undermines the ALJ's RFC finding. Mr. Plott contends that the RFC finding is erroneous because it fails to include limitations from Mr. Plott's adjustment disorder, anxiety, depression, and sleep apnea. The Commissioner disagrees with Mr. Plott, and insists that the Appeals Council properly considered all of the new medical evidence that he submitted in making its decision. (Doc. 20 at 5–9).

13

Mr. Plott contends that the Appeals Council was obligated to not only "consider" the new medical evidence, but also conduct written analysis of the medical source opinions required by 20 C.F.R. §§ 416.927 and 404.927. (Doc. 18 at 11). The Commissioner responds that the Appeals Council is only required to state that it has reviewed the evidence, and need not conduct the same written analysis that is required of the ALJ. *See Robinson v. Astrue*, No. 09-5166, 397 Fed. Appx. 430, 432 (10th Cir. Aug. 31, 2010) (unpublished) (holding that a perfunctory explanation is sufficient); *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005) (a reviewing court may take lower court tribunal's statement it has considered a matter at its word). The parties point the Court to several unpublished opinions from the Tenth Circuit, which reveal that the extent of written analysis required from the Appeals Council in examining additional medical evidence remains uncertain. *See Stills v. Astrue*, No. 11-5087, 476 Fed. Appx 159, 161–62 (10th Cir. April 16, 2012) (unpublished); *Harper v. Astrue*, No. 10-5136, 428 Fed. Appx 823, 827 n.1 (10th Cir. June 30, 2011) (unpublished).

This Court need not decide that issue here, as the case shall be remanded for other reasons. Upon remand the ALJ will have opportunity to reevaluate his findings in light of the additional evidence submitted by Mr. Plott, and set forth sufficiently specific language for the weight he gives all of the medical evidence in the record.

### C.   *Past Relevant Work Analysis*

The ALJ proceeded to step four, and made the finding that Mr. Plott is capable of returning to his past relevant work as a customer service representative at a call center. (AR 35). Mr. Plott contends that the ALJ's analysis of his past relevant work was legally flawed pursuant to the Regulations.

14

The fourth step of the sequential analysis is comprised of three phases—at phase one the ALJ must evaluate a claimant's physical and mental RFC; at phase two, the ALJ must determine the physical and mental demands of the claimant's past relevant work; at phase three, the ALJ will decide whether the claimant has the ability to meet the job demands found in phase two, in light of "the mental and/or physical limitations found in phase one." *Winfrey*, 92 F.3d at 1023.

At phases two and three, ALJ Upshall only stated that:

The claimant is capable of performing past relevant work as a customer services representative at a call center. This work does not require the performance of work related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

In comparing the claimant's residual functional capacity with the physical and mental demands of this work, I find that the claimant is able to perform it as generally performed and as he performed that work [AR 213–14].

(AR 35). Mr. Plott argues that the ALJ erred because he failed to develop the record with factual information concerning the demands of Mr. Plott's past work. *See* SSR 82-62, 1982 SSR LEXIS 27, at *6–7. Determination of the claimant's ability to do past relevant work requires a careful appraisal of the claimant's statements as to which past work requirements can no longer be met and the reasons why, and medical evidence establishing how the impairment limits his ability to meet the physical and mental requirements of the work. *Id.*, at *7. In some cases, the ALJ should seek supplementary or corroborative information from other sources, such as employers or the Dictionary of Occupational Titles, as to the requirements of the past work as generally performed in the economy. *Id.*

In this case, the ALJ only relied on the "Work History Report" that Mr. Plott completed as part of his disability application, for evidence of the requirements of his

15

past work as a customer services representative. The ALJ cited to that document, but did not discuss it or make any specific findings as to the demands of that past work. There is no information in the record as to how the job is generally performed in the national economy, and Mr. Plott points out that the ALJ did not call the vocational expert to testify about the requirements of that work. (Doc. 20 at 4). Mr. Plott contends that the ALJ failed to develop the record or discuss any of the evidence categories as required by the Regulations, which amounts to reversible error.

The Court agrees with Mr. Plott that the ALJ's conclusory statement does not satisfy the requirement. At phase two of step four, the ALJ must make specific findings of fact regarding the physical and mental demands of the claimant's past relevant work. *Winfrey*, 92 F.3d at 1024; SSR 82-62, 1982 SSR LEXIS 27, at *10. To make those findings, the ALJ must obtain adequate factual information about those work demands which have a bearing on the medically established limitations. *Winfrey*, 92 F.3d at 1024 (citing SSR 82-62, 1982 SSR LEXIS 27, at *7). The Court cannot find that in this case, ALJ Upshall made sufficient inquiry into the physical and mental demands of Mr. Plott's past work as a customer service representative. Further, the ALJ failed to make any findings specifying such demands, either as Mr. Plott actually performed them or as that job is customarily performed in the national economy.

The Commissioner points to various pieces of evidence in the record, which she claims support the ALJ's findings at phases two and three of step four. However, the ALJ did not mention or cite to any of that testimony or evidence in his decision, and the Commissioner does not explain how those statements establish the demands of the past work, as it was actually performed and as it is generally performed in the national

16

economy. The Court declines to engage in *post hoc* rationalization of the ALJ's decision.

The Commissioner concludes that the record as a whole supports the ALJ's finding that Mr. Plott can perform his past work, and that it is Mr. Plott's burden to prove otherwise. The Tenth Circuit has expressly rejected the argument that the claimant bears the responsibility for developing the record as to the demands of his past relevant work. *See Winfrey*, 92 F.3d at 1024. Mr. Plott retained the burden of showing he is disabled at step four, but ALJ Upshall had a duty of inquiry and factual development; "[t]he ALJ must obtain adequate factual information about those work demands that have a bearing on the medically established limitations." *Washington v. Shalala*, No. 93-4242, 37 F.3d 1437, 1442 (10th Cir. Sept. 15, 1994) (unpublished).

The ALJ erred by failing to make a record of, and make the required findings about, the demands of Mr. Plott's past relevant work. The Court finds this was also reversible error, and should be rectified by the Commissioner on remand.

## V. Conclusion

Accordingly, the Court holds that the ALJ did not make the proper findings required at step four of the sequential analysis and erred in determining that Mr. Plott is capable of returning to his past work. These omissions constitute substantial legal error necessitating a remand for further proceedings consistent with the discussion herein.

**IT IS THEREFORE ORDERED** that Mr. Plott's *Motion to Reverse or Remand Administrative Agency Decision*, (Doc. 17), be **GRANTED** and that this case be **REMANDED** to the Commissioner for further proceedings.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE